**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| IRMA I. DONATO MALAVE | * | |
| Plaintiff, | | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-13-1985 |
| | * | |
| KAREN H. ABRAMS, et al., | | |
| Defendants | * | |
| | ****** | |

## ORDER

The above-captioned case was filed by counsel on July 9, 2013, together with a Motion to Proceed in Forma Pauperis. Because she appears indigent, Plaintiff's Motion (ECF No. 2) will be granted.

Plaintiff seeks $18,150 for legal expenses incurred to date as well as unspecified future litigation costs, and sues five current and former members of Maryland's state courts who allegedly denied her due process in connection with state tort litigation arising from a 2009 accident involving a St. Mary's County public bus. Plaintiff also requests injunctive relief, namely that this court provide Plaintiff a federal trial on the merits of her tort claim or order the State court to reconsider her case. ECF No. 1.

The jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332. The court on its own, at any stage of a proceeding, may raise the question of subject matter jurisdiction. *See Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985). Unless the case involves specialized issues such as admiralty and patents, a federal district court

typically will have jurisdiction only if the requirements of 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship) are satisfied.

In this case, the Complaint is based on tortious conduct, which is governed by state law and does not present a federal question.  While counsel couches the Complaint in terms of denial of due process, he is reminded that the defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit."  *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).   Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity.  *See Stump v.  Sparkman*, 435 U.S. 349 (1978).   Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v.  Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.   "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *Mireles v.  Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall.  335, 20 L.Ed.  646 (1872).  Moreover,  the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983.  *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction.  *See Stump*, 435 U.S. at 356.  Unless it can be shown that a

judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority.  *Id.* at 356-57.

Although the Supreme Court of the United States has held that judicial immunity does not extend to injunctive relief, *Pulliam v. Allen,* 466 U.S. 522, 536-543 (1984), Congress amended § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." Based on this amendment, courts have held that § 1983 limits the type of relief available to plaintiffs who sue judicial officers to declaratory relief. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir.2000); *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003).

A review of Plaintiff's allegations against the named judges does not compel the conclusion that the judges acted in clear absence of jurisdiction.  Rather, Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity.  In apparent disagreement with the decisions reached at the state court level, Plaintiff has turned to this forum to assert allegations of unconstitutional acts against state court judges.  Because judicial immunity precludes Plaintiff's recovery of damages against these judges or the injunctive relief sought, sua sponte dismissal of Plaintiff's federal question claim is appropriate.

To the extent that Plaintiff intends to bring this matter pursuant to diversity of the parties, her claim fares no better.  Title 28 U.S.C. § 1332 (the diversity statute) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties that reside in different states.  Because all of the parties reside in Maryland, diversity of citizenship cannot be

the basis for this court's subject matter jurisdiction. In the absence of any basis for subject matter jurisdiction, the court shall dismiss the Complaint.

Accordingly, it is this 17th day of July, 2013, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 3) IS GRANTED;

2.  The Complaint IS DISMISSED;

3.  The Clerk SHALL PROVIDE a copy of this Order to counsel of record; and

4.  The Clerk SHALL CLOSE this case.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge