IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IRMA I. DONATO MALAVE          :
                               :
    v.                         :   Civil Action No. DKC 13-1985
                               :
KAREN H. ABRAMS, et al.        :
                               :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Irma I. Donato Malave commenced this action on July 9, 2013, against five Maryland judges who allegedly denied her due process in connection with state tort litigation arising from a 2009 accident involving a St. Mary's County public bus. By an order issued July 17, the court granted Plaintiff's motion for leave to proceed *in forma pauperis* and summarily dismissed her complaint for lack of subject matter jurisdiction and absolute judicial immunity. On July 22, Plaintiff filed the pending motion for reconsideration. (ECF No. 6).

A motion for reconsideration filed within twenty-eight days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting such a motion: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v.*

*Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).

In her motion for reconsideration, Plaintiff cites *Pulliam v. Allen*, 466 U.S. 522 (1984), for the proposition that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity, and judicial immunity is no bar to the award of attorney's fees under 42 U.S.C. § 1988." (ECF No. 6, at 3).[1] She further cites *Pierson v. Ray*, 386 U.S. 547 (1967), as holding that 42 U.S.C. § 1983 permits the prospective relief she seeks – namely, federal court intervention to compel either a re-trial in state court or removal of the action to this court.

---

[1] Plaintiff argues that the Supreme Court has never applied the immunity extended to federal judges to state judicial officers. (ECF No. 6, at 2). She overlooks *Stump v. Sparkman*, 435 U.S. 349 (1978), in which the Court held that Indiana law vested its state circuit judges with the power to entertain and act upon petitions for sterilization, rendering the judges immune from damages liability even if approval of a petition was in error.

In *Pulliam*, individuals who were arrested for non-jailable misdemeanors were nevertheless incarcerated when they were unable to post bail, based on a practice imposed by a state magistrate. Those litigants brought suit under § 1983, arguing that the magistrate's practice was unconstitutional. When the United States District Court for the Eastern District of Virginia enjoined the practice, awarding costs and attorneys' fees, the magistrate appealed. The United States Court of Appeals for the Fourth Circuit rejected the magistrate's claim that an award of attorneys' fees against her should have been barred by judicial immunity. The Supreme Court granted *certiorari* and held that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity and that judicial immunity is no bar to an award of collateral prospective relief, such as attorneys' fees, under the civil rights statutes. Noting the existence of limitations on obtaining equitable relief designed to prevent or curtail harassment of judges through suits against them by disgruntled litigants, the Court relied upon principles of comity and federalism (rather than judicial immunity) to find that Congress intended that the Civil Rights Act be available to enjoin state court judges from violating a litigant's federal rights. *Pulliam*, 466 U.S. at 522-23. The Court observed that the federal district court enjoined the state magistrate's

3

practice requiring bond for non-incarcerable offenses as a violation of due process and equal protection, and that it found unconstitutional a portion of a Virginia statute authorizing pretrial detention of such individuals based on the arresting officer's belief that the arrestees might not otherwise appear for trial, awarding fees and costs under § 1988. The Court explained that Congress enacted § 1983 and its predecessor, § 2 of the Civil Rights Act of 1866, to provide an independent avenue for protection of federal constitutional rights, a remedy considered necessary because "state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights." *Id*. at 540 (citing *Mitchum v. Foster*, 407 U.S. 225, 240 (1972)).

Since *Pulliam*, courts have held that § 1983 limits the type of relief available to plaintiffs who sue judicial officers to declaratory relief. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Johnson v. McCuskey*, 72 Fed.Appx. 475, 477 (7th Cir. 2003). While prospective relief is available against state court judges whose actions violate federally protected rights, such relief is not available here, as the facts presented are readily distinguishable from those in *Pulliam*. Plaintiff argues that Judge Karen H. Abrams of the Circuit Court for St. Mary's County repeatedly violated Maryland procedural, discovery, and

4

evidentiary rules, as well as state case law, resulting in a jury verdict in favor of the alleged tortfeasor.  Furthermore, according to Plaintiff, the trial judge's errors were supported by the state appellate courts, effectively "stripp[ing] Plaintiff of her right to due process[.]"  (ECF No. 1 ¶ 48).

Nothing in the complaint suggests that the state court rulings resulted from the kind of systemic, unconstitutional practice at issue in *Pulliam*, nor is there any suggestion that the rulings were otherwise based on impermissible animus or bias.  Rather, it appears that Plaintiff simply disagrees with the state courts' interpretation of Maryland law and seeks to relitigate her tort action in federal court in the hope of obtaining a more favorable result.  This court lacks jurisdiction to consider such a claim under the *Rooker-Feldman* doctrine, which bars a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court."  *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)); *see also Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (noting that the doctrine bars "lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court").

Accordingly, it is this 26th day of July, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 6) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel for Plaintiff.

                                                  _____/s/_____
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge